IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Curtis Hill III,<br><br>PETITIONER<br><br>v.<br><br>Bryan K. Dobbs, Warden,<br><br>RESPONDENT | Case No. 0:20-cv-02011-TLW<br><br>**Order** |

Petitioner Curtis Hill III, proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. The matter now comes before the Court for review of the Report and Recommendation (Report) filed by the magistrate judge to whom this case was assigned. ECF No. 16. In the Report, the magistrate judge recommends that the petition be summarily dismissed for lack of jurisdiction. Petitioner did not file objections to the Report. This matter is now ripe for decision.

The Court is charged with conducting a *de novo* review of any portion of the Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that Report. 28 U.S.C. § 636. In the absence of objections to the Report, the Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). In such a case, "a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory

1

committee's note).

The Court has carefully reviewed the Report and the analysis set forth in the Report. The Court has also studied a number of cases in connection with its review of the Report, including *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018), *Rice v. Rivera*, 617 F.3d 802 (4th Cir. 2010), *In re Jones*, 226 F.3d 328 (4th Cir. 2000), *Capalbo v. Antonelli*, No. 1:19-cv-01946-TMC, 2020 WL 3496641 (D.S.C. June 29, 2020), and *Hughes v. Mackelburg*, No. 8:19-cv-03390-HMH-JDA, 2020 WL 1429351 (D.S.C. Mar. 24, 2020). The Court will not discuss each case in detail in this order, although the Court has reviewed each case in detail. These cases provide significant insight as to when § 2241 petitions are appropriate and when they are not. A number of these cases address the relationship between § 2255 petitions and § 2241 petitions. They also address procedure in connection with these two habeas statutes.

Having carefully considered this matter, the Court concludes that Petitioner cannot satisfy § 2255's savings clause due to the timing of the denial of his § 2255 petition. Although he filed his petition prior to the Supreme Court's June 21, 2019 decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), this Court did not deny his petition until April 22, 2020—ten months after *Rehaif*. *United States v. Hill*, No. 3:16-cr-00830-TLW-1 (D.S.C.), ECF Nos. 54, 67. Thus, the substantive law did not change "subsequent to [his] . . . first § 2255 motion." *In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000) (setting forth the three-part savings clause test and comparing the date of the relevant appellate court decision to the date of "the decision on his first § 2255 motion").

Petitioner could have moved to amend his § 2255 petition to raise a *Rehaif* claim at any time in the ten-month period between the issuance of *Rehaif* and this Court's order denying his petition, but he did not do so.  Although this may be much to require of a pro se habeas petitioner, this process is embraced by the caselaw cited above.  Because he could have sought to amend his petition to raise a *Rehaif* claim, the Court cannot say that "he had no opportunity to utilize a § 2255 motion to take advantage of a change in the applicable law."  *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010).

Because the Court agrees with the Report's conclusion that the Court does not have jurisdiction over this petition, the Report, ECF No. 16, is **ACCEPTED**.  This action is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

October 14, 2020
Columbia, South Carolina

3